UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLOTTE B. PALM, )<br>  )<br>        Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>SISTERS OF CHARITY HEALTH,  )<br>SYSTEMS, et al.,  )<br>  )<br>        Defendants.  ) | CV-07-120-B-W |

### ORDER AFFIRMING THE RECOMMENDED DECISION
### OF THE MAGISTRATE JUDGE

On December 28, 2007, United States Magistrate Judge Kravchuk issued a decision in which she recommended that the Court grant the Defendants' motions for summary judgment against Charlotte B. Palm's state claims against eight defendants, including Sisters of Charity Health Systems, Saint Mary's Regional Medical Center, Community Clinic Services, certain of their employees, administrators, and staff physicians, and Dr. Ira Shapiro, a licensed psychiatrist. *Recommended Decision on Mots. for Summ. J. and Order on Mot. to Am. Compl.* (Docket # 39) (*Rec. Dec.*). The Plaintiff filed her objections to the Recommended Decision on January 4, 2008. *Pl.'s Obj. to Recommended Decision on Mots. For Summ. J.* (Docket # 41) (*Pl.'s Obj.*). After review and consideration of the Recommended Decision, together with the entire record, the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge.[1] The Court affirms the Recommended Decision. Not only did Ms. Palm fail to include necessary

---

[1] The magistrate judge granted Ms. Palm's third motion to amend her complaint. *Rec. Dec.* at 3-4. The third amended complaint has been docketed and answered. *Third Am. Compl.* (Docket # 41); *Defs. Sisters of Charity Health Systems, St. Mary's Regional Medical Center, Community Clinic Services, Eliott J. Gruen, Paul S. Rouleau, Abhay K. Singh, and Andie Wishman's Answer to Pl.'s Third Am. Compl.* (Docket # 44); *Def. Ira M. Shapiro's Answer to Third Am. Compl.* (Docket # 45); *Defs. Mot. to Amend* (Docket # 46); *Order* (Docket # 47); *Defs. Sisters of Charity Health Systems, St. Mary's Regional Medical Center, Community Clinic Services, Eliott J. Gruen, Paul S. Rouleau, Abhay K. Singh, and Andie Wishman's Am. Answer to Pl.'s Third Am. Compl.* (Docket # 48); *Def. Ira M. Shapiro's Am. Answer to Third Am. Compl.* (Docket # 49).

evidence under the Court's local rules, but even when the Court considers her supplemental filings, the Court grants the two pending motions for summary judgment.[2]

I.   STATEMENT OF FACTS

Charlotte Palm alleges medical malpractice, conspiracy against rights, violation of civil rights, fraud, federally protected activities, libel and slander, personal injury, and negligence in connection with her three week stay at St. Mary's Regional Medical Center in July and August, 2005. Seven Defendants – Sisters of Charity Health Systems, St. Mary's Regional Medical Center, Community Clinic Services, Elliot J. Gruen, Paul S. Rouleau, Abhay K. Singh, and Andie Wishman – moved for summary judgment on the grounds that they enjoy discretionary functional immunity under the Maine Tort Claims Act (MTCA), and, in the alternative, that Ms. Palm failed to comply with the MTCA's 180-day notice requirement. *Defs.' Mot. for Summ. J. and Incorporated Mem. of Law* (Docket # 10). Dr. Shapiro's motion mirrors the other defendants' motion on the MTCA issues and also claims that Ms. Palm failed to comply with the Maine Health Security Act (MHSA), 24 M.R.S.A. §§ 2501 *et seq*. *Def. Ira M. Shapiro's Mot. for Summ. J. with Incorporated Mem. of Law* (Docket # 15).

In recommending the granting of the motions for summary judgment, Magistrate Judge Kravchuk determined that Ms. Palm failed to comply with the requirements of Local Rule 56 and with the requirements of the MTCA and the MHSA. Ms. Palm disputes the Magistrate's determinations on summary judgment praxis and contests her conclusions on the MTCA and MSHA. *Pl.'s Obj.* at 2-6.

II.   DISCUSSION

   A.   **Local Rule 56**

---

[2] For a factual summary of Ms. Palm's claims and the pending motions, see the *Recommended Decision*.

Local Rule 56 requires that the non-moving party on summary judgment submit "a separate, short, and concise statement of material facts . . . [that] shall admit, deny or qualify the facts . . . of the moving party's statement of material facts." D. Me. Loc. R. 56(c). Denials and qualifications require "a record citation." *Id.* This record citation must be made to "the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." *Id.* at 56(d). In her summary judgment responses, Ms. Palm cites her complaints, which were not signed under oath or penalty of perjury. She did not include a separate affidavit or sworn statement of facts that would provide record support for her denials or additional facts. *Rec. Dec.* at 5.

Ms. Palm asserts that she did not know that she had to submit such record evidence, and that such a requirement for a *pro se* litigant is unfair. *Pl.'s Obj.* at 3-4. She contends that the Court should have "recognize[ed] the obvious, which is Plaintiff was unaware that she needed to file a response to the Defendants' statement of material facts in the form of an affidavit." *Pl.'s Obj.* at 5. Further, on January 4, 2008, seven calendar days after the Magistrate Judge issued her recommendation, Ms. Palm filed a motion to file a sur-reply, together with a notarized affidavit as to the truth of the facts she presented in her summary judgment motion. *Resp. to Statement of Material Facts with Incorporated Aff. and Additional Statement of Facts* (Docket # 43) (*Pl.'s Resp.*). She urges the Court to take this document into account in ruling on her objections to the Recommended Decision. *Pl.'s Obj.* at 3.

First, regarding Ms. Palm's fairness arguments, the First Circuit has "consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" *FDIC. v. Anchor Properties,* 13 F.3d 27, 31 (1st Cir. 1994) (quoting *United*

3

*States v. Heller,* 957 F.2d 26, 31 (1st Cir. 1992)) (alteration in original). "This applies with equal force to a district court's procedural rules." *Id.*; *see also Ruiz Rivera v. Riley*, 209 F.3d 24, 27-28 & n.2 (1st Cir. 2000); *Posadas de Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401-02 (1st Cir. 1988). "[P]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Parkinson v. Goord,* 116 F. Supp. 2d 390, 393 (W.D.N.Y. 2000); *see also Andrews v. City of Calais*, No. 05-43-B-W, 2005 U.S. Dist. LEXIS 34778, *3-4 (D. Me. Nov. 9, 2005).

Second, concerning Ms. Palm's subsequent submission of an affidavit and evidence, the Court may not take these filings into consideration in its review of a determination already made by the magistrate. "Parties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (internal quotation omitted).

The Court affirms the Recommended Decision on these grounds alone.

### B.  The Maine Tort Claims Act

Nevertheless, the Court concludes that the result is the same, even if the supplemental evidence is considered. The MTCA requires that a claimant against a governmental entity file a written notice of claim within 180 days after the cause of action accrues.[3]  14 M.R.S.A. § 8107(1). Notice of claims against "political subdivisions" must be addressed to "one of the

---

[3] Ms. Palm does not dispute Magistrate Judge Kravchuk's finding that all eight defendants are covered by the MTCA. *Rec. Dec.* at 8-9. For the purposes of the MTCA, the eight defendants are governmental entities, or are employees of such entities.

persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4."[4]  14 M.R.S.A. § 8107(3).  This notice must include:

> A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
> B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
> C. The name and address of any governmental employee involved, if known;
> D. A concise statement of the nature and extent of the injury claimed to have been suffered; and
> E. A statement of the amount of monetary damages claimed.

*Id.*  The statute allows for some imperfections in notice; it requires "substantial compliance," and states that "[a] claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby."  14 M.R.S.A. § 8107(4). "The substantial compliance exception is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form requirements of sec. 8017(1)(A)-(E)."  *Erickson v. State*, 444 A.2d 345, 350 (Me. 1982).  The issue is whether the notice includes mere "inaccuracies," or whether the failures are "fundamental."  *Faucher v. City of Auburn*, 465 A.2d 1120 (Me. 1983).

The "substantial compliance" determination is very fact-specific, and the Law Court has had several opportunities to consider different factual scenarios.  Where deficiencies have included both the incorrect recipient of the notice and other significant imperfections, the Law Court has not allowed the claims to stand.  *See, e.g., Pepperman v. Barrett*, 661 A.2d 1124, 1126 (Me. 1995) (finding that when the plaintiff did not address a letter to the appropriate entity, did not hint at "property damage or emotional distress claimed," and did not "mention any monetary

---

[4] The contract between St. Mary's and the Maine Department of Health and Human Resources deemed St. Mary's a "governmental entity."  The MTCA states that "[g]overnmental entity" means and includes . . . state and political subdivisions."  14 M.R.S.A. § 8102(2).  Under the statute, "political subdivision" includes "hospital district[s]."  *Id.* § 8102(3).

5

damages," that the "communications fail[ed] to provide the town with a sufficiently clear basis for evaluating and investigating the claims for purposes of defense or settlement"); *Hall v. Kittery*, 556 A.2d 662 (Me. 1989) (finding that a statement to insurance adjuster – instead of the appropriate authority under Rule 4 – that "did not include any amount of monetary damages suffered by either plaintiff as a result of the accident or state that a claim for damages was being made," did not meet the substantial compliance standard); *Faucher*, 465 A.2d at 1121-23 (finding no substantial compliance when notice was oral; instead of "fil[ing notice] with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4," plaintiff gave notice to "a teacher and the principal of the city school where the plaintiff was injured"; and, the plaintiff's mother gave "notice of injuries without notice that the claimant intend[ed] to seek monetary damages"); *see also McCarthy v. Inhabitants of the Town of Kennebunkport*, 366 F. Supp. 2d 165, 168-69 (D. Me. 2005) (finding that a letter not sent to the designated person under the MTCA that also did not "include a concise statement of the nature of extent of the [plaintiff's] injury" did not meet the MTCA notice standard). The outcome was different in *Robinson v. Washington County*, 529 A.2d 1357 (Me. 1987), where the plaintiff sent a notice letter to a sheriff at the Washington County Courthouse, which did not meet the Rule 4 requirement that notice be given "to one of the county commissioners or their clerk or the county treasurer." *Id.* at 1360. The court held that "[t]he plaintiff's failure to notify the governmental entities listed in Rule 4(d)(4) is not so fundamental as to require that the notice be held invalid. In this case, the written notice was delivered directly to one of the litigants." *Id.*

Ms. Palm claims that she fulfilled the MTCA requirements in three ways: first, through the service of her complaint and summons; second, through verbal communications; and third,

6

through a letter she sent to Defendants on December 23, 2004. *Pl.'s Resp.* at 6; *Pl.'s Obj. to Def. Sisters of Charity Health Systems, St. Mary's Regional Medical Center, Community Clinic Services, Eliot J. Gruen, Paul S. Rouleau, Abhay K. Singh, and Andie Wishman's Mot. for Summ. J. and Incorporated Mem. of Law*, *Ex. A* (Docket # 18) (*Letter*). The complaint and summons may not be considered because she served the Defendants more than 180 days after her claim accrued.[5] *Erickson v. State*, 444 A.2d 345, 349-50 (Me. 1982) ("we cannot view the substantial compliance exception as applicable if the 180-day notice provision of § 8107(1) has not been satisfied"). Ms. Palm claims she gave verbal notice of the law suit when she "repeatedly told the Defendants to their faces the Plaintiff definitely intended to file a major civil law suit against [them]." *Pl.'s Resp.* at 6. Oral notice, however, does not comply with the "written notice" requirement of § 8107 and Ms. Palm's broad statements, even when viewed in the light most favorable to her, do not support a finding that she satisfied the "substantial compliance" requirement. *See Faucher*, 465 A.2d at 1123.

The letter that Ms. Palm sent to St. Mary's Medical Center makes a better case for fulfilling the MTCA requirements, but it does not go far enough. It is dated December 23, 2005, and therefore meets the 180 day time requirement. However, taken as a whole, the letter does not "enable the governmental entity to investigate and evaluate claims for purposes of defense or settlement." *Pepperman*, 661 A.2d at 1126.

First, and most importantly, to fulfill its purpose under the MTCA, the letter must notify the appropriate individuals. The letter sent by Ms. Palm is addressed to "To Whom it Concerns"

---

[5] There is no evidence that Ms. Palm had "good cause" to provide late notice. Allowing service of complaint and summons to meet the notice requirements would contravene another requirement of the MTCA: that the notified party must have 120 days to "act thereon and notify the claimant in writing of its approval or denial of the monetary damages claimed." 14 M.R.S.A. § 8108.

7

at Saint Mary's Regional Medical Center.[6]  A letter, sent to a medical center without any individual addressee, cannot be said to meet the Rule 4 standard required by 14 M.R.S.A. § 8107(3).  *Faucher*, 465 A.2d at 1122 (stating that a notice must be "addressed to the proper person").  Ms. Palm's filings do not support a finding that the letter found its way to the appropriate individuals, and the Defendants provided affidavits stating that they received no notice pursuant to section 8107(3).  *Defs.' Statement of Material Facts* ¶ 21 (Docket # 11); *Def. Ira M. Shapiro's Statement of Material Facts Not in Dispute* ¶ 5 (Docket # 17).

The letter has two additional notice deficiencies.  First, it provides no return address, as required by 14 M.R.S.A. § 8107(1)(A).  The failure to provide such an address alone might be merely an "inaccurac[y]," since the hospital was sending Ms. Palm bills, but it must be considered in the context of the letter as a whole.  *Faucher*, 465 A.2d at 1123.  Second, the letter provides no "amount of monetary damages claimed" under 14 M.R.S.A. § 8107(1)(E).  Instead, it states that St. Mary's Regional Medical Center and Community Clinic Services should stop sending bills to Ms. Palm for her involuntary hospitalization, that she "do[es] not intend to pay . . . one dime," and that "I plan to file a major lawsuit against both St. Mary's Regional Medical Center and Community Clinic Services as well as doctors Ira Shapiro, Abhay Singh, Eliot Gruen and others who violated my civil rights during that time and caused me to endure immense pain and suffering . . . ."  *Letter*; *See Faucher*, 465 A.2d at 1122 (stating that a notice must "give notice that a claim for damages was being made").

The lack of an addressee, a return address, and a description of the claimed damages combine to take the letter beyond mere imperfections; the December 23, 2005 letter fails to meet the "substantial compliance" clause of the notice requirement.  Therefore, even considering the

---

[6] The letter also includes a notation to Community Clinic Services (CCS), but does not include an address for CCS.

documents filed after the Recommended Decision, Ms. Palm did not provide proper notice under the MTCA.

### III.  CONCLUSION

1. It is ORDERED that the Recommended Decision is AFFIRMED.

2. It is further ORDERED that the Defendants' Motion for Summary Judgment (Docket # 10 & Docket # 15) be GRANTED and that counts three, four, five, six, seven, ten, eleven, twelve, and thirteen of the third amended complaint (Docket #25-2) be DISMISSED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2008